IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-576-FL

| | | |
|---|---|---|
| DPI TELECONNECT, L.L.C.; <br> IMAGE ACCESS, INC. d/b/a NewPhone; <br> AFFORDABLE PHONE SERVICES, INC.; <br> BLC MANAGEMENT, LLC d/b/a <br> Angles Communications Solutions; <br><br> Plaintiffs, <br><br> v. <br><br> BELLSOUTH TELECOMMUNICATIONS, <br> LLC d/b/a AT&T North Carolina; <br> EDWARD S. FINLEY, JR., Chairman; <br> WILLIAM T. CULPEPPER, III, <br> Commissioner; <br> LORINZO L. JOYNER, Commissioner; <br> BRYAN E. BEATTY, Commissioner; <br> SUSAN W. RABON, Commissioner; <br> TANOLA D. BROWN-BLAND, <br> Commissioner; <br> LUCY T. ALLEN, Commissioner and in their <br> official capacities as Commissioners of the <br> North Carolina Utilities Commission; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | ORDER |

This matter comes before the court on defendant commissioners' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE # 17), filed November 15, 2011. Plaintiffs responded on December 6, 2011, and defendant commissioners replied December 22, 2011. Accordingly, the issues raised are ripe for adjudication. For the following reasons, defendant commissioners' motion to dismiss is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2010, BellSouth Telecommunications, Inc., d/b/a AT&T North Carolina ("BellSouth") filed in separate dockets before the North Carolina Utilities Commission (the "Commission") complaints and petitions for relief against dPi Teleconnect, LLC ("dPi"), Image Access, Inc., d/b/a NewPhone ("NewPhone"), Affordable Phone Services, Inc. ("Affordable Phone"), and BLC Management, LLC, d/b/a Angles Communications Services ("Angles") (collectively, "resellers"). BellSouth asked the Commission to resolve outstanding billing disputes between BellSouth and the resellers, to determine the amount that each reseller owed BellSouth under its respective interconnection agreement, and to require each reseller to pay said amount to BellSouth.

On May 14, 2010, the parties filed a joint motion wherein they asked the Commission to hold all other pending motions in abeyance and convene a consolidated proceeding to resolve specified issues: how credits to resellers for the Cashback and Line Connection Charge Waiver ("LCCW") promotions should be calculated, whether the Word-of-Mouth promotion is available for resale and, if so, how the credits to resellers for the Word-of-Mouth promotion should be calculated.

The Commission held a hearing on April 15, 2011. By order issued September 22, 2011, the Commission concluded as follows:

1. That the credits to Resellers for the Cashback and Line Connection Charge Waiver promotions should be calculated by applying the Commission-approved 21.5% resale discount to the retail price of the underlying service; and
2. That the Word-of-Mouth referral program does not have to be made available for resale.

Commission Order (DE # 19-1) 12.

Plaintiff resellers ("plaintiffs") filed complaint in this court on October 20, 2011, pursuant to 47 U.S.C. § 252(e)(6), to challenge the Commission's determination regarding the Cashback promotion.[1] Plaintiffs named BellSouth as a defendant. In addition, plaintiffs also named as defendants Commission Chairman Edward S. Finley, Jr., Commissioner William T. Culpepper, III, Commissioner Lorinzo L. Joyner, Commissioner Bryan E. Beatty, Commissioner Susan W. Rabon, Commissioner ToNola D. Brown-Bland, and Commissioner Lucy T. Allen, all in their official capacities (the "defendant Commissioners").

On November 15, 2011, BellSouth filed answer, and the defendant Commissioners filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendant Commissioners contend that the case is not yet ripe. Plaintiffs responded on December 6, 2011, and the defendant Commissioners replied December 22, 2011.

On April 26, 2012, the court granted motions for voluntary dismissal of plaintiffs dPi and NewPhone.

**DISCUSSION**

A.  Ripeness

The requirement that a case be ripe for decision is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs., 509 U.S. 43, 57 n. 18 (1993). Because ripeness implicates Article III limitations, it may properly be raised in a Rule 12(b)(1) motion. United States v. Town of Garner, N. Carolina, 720 F. Supp. 2d 721, 728 (E.D.N.C. 2010). The burden of proving ripeness and subject matter jurisdiction

---

[1] In complaint, plaintiffs do not appear to challenge the Commission's determination as to the LCCW promotions or the Word-of-Mouth referral program.

is on the party or parties bringing the action. Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006) (ripeness); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982) (subject matter jurisdiction).

Ripeness is a justiciability doctrine designed "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agr. Products Co., 473 U.S. 568, 580 (1985). To determine whether a case is ripe, the Fourth Circuit will "balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration." Miller, 462 F.3d at 319 (internal quotation omitted). "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." Id. (citing Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir. 1992)).

B.  Analysis

This case is ripe for judicial review. The issue raised by the complaint is purely legal: pursuant to the Telecommunications Act of 1996, 47 U.S.C. § 251 *et seq.*, what is the appropriate method of calculating the wholesale price of resold telecommunication services offered with cashback promotions?

In addition, the Commission reached a final determination on the issue: "The Commission, therefore, finds and *concludes* that [BellSouth's] two-step process properly passes on the price lowering benefit of a cashback promotion to the Resellers by substracting the properly determined wholesale discount from the lower actual retail price." Commission Order (DE # 19-1) 9 (emphasis added). The court therefore has before it a purely legal issue not dependent on future uncertainties. Accordingly, the court finds that the Commission's decision is ripe for review.

4

## CONCLUSION

For the foregoing reasons, the defendant Commissioners' motion to dismiss (DE # 17) is DENIED.

SO ORDERED, this the 8th day of June, 2012.

LOUISE W. FLANAGAN
United States District Judge